STATE OF MISSOURI, Respondent, v. JOHN WING-FIELD, Appellant.

**Kansas City Court of Appeals, April 4, 1910.**

CRIMINAL LAW: Trial: Challenge of Juror. Where a juror is challenged for cause by the defendant and no exception taken to the action of the court in refusing to excuse him from the panel, no error can be based thereon on appeal.

Appeal from Saline Criminal Court.—*Hon. John A. Rich,* Judge.

AFFIRMED.

*Robt. M. Reynolds* and *Robt. B. Ruff* for appellant.

*Joshua Barbee* for respondent.

ELLISON, J.—Defendant was convicted for selling intoxicating liquors in the city of Marshall contrary to the provisions of the Local Option Law adopted in that city.

The points made against the proper adoption of the law against the sale of intoxicating liquors were discussed in State v. Armstrong, *ante,* 719, and what we there said disposes of similar contentions in this case.

But an additional objection is made in this case, and that is that the court erred to defendant's prejudice in permitting a juror to qualify who stated that he had an opinion in the case and when asked if it would require evidence to remove that opinion answered: "You

bet it would." But other parts of his examination disclosed that he meant he merely had an opinion as to violations of the law in the sale of intoxicating liquors. He did not know the defendant nor had he talked to the witnesses and knew nothing of the case and was without prejudice. However, defendant is in no position to complain, since the record does not show that exception was taken to the ruling of the court in refusing to allow a challenge for cause as to that juror. It shows he was objected to, but no exception was taken. Indeed the record fails to show a ruling by the court. But if we assume that the silence of the record indicates that the court allowed the juror to remain on the panel, yet no exception was taken to such action, we discover no cause for interference, and the judgment is affirmed. All concur.